IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARD T. EVANS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : C.A. No. 13-544-LPS |
| | : |
| DAVID PIERCE, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## **MEMORANDUM**

### I. **BACKGROUND**

Presently pending before the Court is Petitioner Ward T. Evans' ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition VII"). (D.I. 1; D.I. 6) In 1982, Petitioner was convicted of first degree rape, and he was sentenced to a life sentence with the possibility of parole. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on June 21, 1984. *See Evans v. State*, 483 A.2d 633 (Table), 1984 WL 180811 (Del. 1984). During the nineteen year period following his direct appeal, Petitioner filed nineteen motions for post-conviction relief in the Delaware state courts. *See Evans v. State*, No.104,2013, Order, Steele, C.J. (Del. Mar. 25, 2013).

From 1982 through 1984, while his direct appeal was still pending in the Delaware Supreme Court, Petitioner filed his first three federal habeas petitions (" Petition I," "Petition II," and "Petition III") in this Court. The Court denied all three Petitions, and the Third Circuit affirmed those decisions. *See Evans v. Phelps*, 722 F. Supp. 2d 523, 525 (D. Del. 2010).

Petitioner filed his fourth petition ("Petition IV") in November 1989. The Honorable

James J. Latchum denied Petition IV on March 25, 1991, and the Third Circuit denied a certificate of probable cause. The United States Supreme Court denied *certiorari* on May 18, 1992. *Id.*

Petitioner filed his fifth petition ("Petition V") in this Court in April 1993, which the Honorable Joseph J. Farnan, Jr. dismissed on November 23, 1994. *Id.*

On December 11, 2008, Petitioner filed in the Third Circuit a motion for permission to file a second or successive habeas petition, asserting three grounds for relief ("Petition VI"). *See Evans v. Phelps*, Civ. A. No. 09-488-JJF, at D.I. 1. The Third Circuit found that Petitioner's claims of trial court error and prosecutorial misconduct could have been presented in a prior petition, and therefore, denied those claims as second or successive. However, the Third Circuit concluded that Petitioner's administration of sentence claim was not second or successive because it could not previously have been brought. Accordingly, the Third Circuit returned Petition VI to this Court for review. *See id.*

Petition VI asserted four grounds for relief: (1) the Delaware Supreme Court's interpretation of Delaware law in 2005 deprived Petitioner from earning good time credits on his life sentence; (2) during his criminal trial, the Superior Court failed to instruct the jury on the lesser-included offense of second degree rape; (3) the prosecutor obtained Petitioner's conviction through the use of perjured testimony; and (4) judicial bias/improper conduct occurred during Petitioner's post-conviction appeal in 2008. The Honorable Joseph J. Farnan, Jr. denied Claim One for failing to satisfy the standard of § 2254(d), denied Claims Two and Three as second or successive claims, and denied Claim Four as factually baseless. *Id.* The Third Circuit affirmed the decision. *See Evans v. Phelps*, No. 10-3387, Op. (3d Cir. Apr. 12, 2012)

Presently pending before the Court is Petitioner Ward T. Evans' ("Petitioner") seventh Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition VII"). (D.I. 1; D.I. 6)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

The Petition ("Petition VII") presently pending before the Court asserts the following grounds for relief: (1) the attorney who represented Petitioner during his appeal from the Honorable Joseph J. Farnan's denial of Petition VI provided ineffective assistance; (2) the Delaware Superior Court lacked jurisdiction over his case because the indictment failed to charge an offense; (3) the Delaware Superior Court lacked jurisdiction over his case because the Superior Court "de facto" dismissed the original warrant and complaint; (4) the sentencing court violated Petitioner's rights under the Eighth and Fourteenth Amendments by sentencing him to a greater punishment than the Delaware General Assembly intended; (5) the trial judge, defense counsel, and State prosecutor lied to Petitioner during the plea negotiations by telling him that his

3

sentence would not be greater than forty-five years; and (6) the State willfully and intentionally deprived Petitioner of his Due Process and Equal Protection rights with respect his Rule 61 motion filed in the Delaware Superior Court in October 2012.

### III. DISCUSSION

Claims One and Six are premised on errors that allegedly occurred in Petitioner's federal and state collateral proceedings rather than on errors in the proceeding that actually led to his conviction. As such, the Court will deny Claims One and Six for failing to assert issues cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding") (emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief.").

Petitioner's remaining four claims allege trial and sentencing court error, prosecutorial misconduct, and ineffective assistance of counsel. These claims could have been presented in one of Petitioner's numerous prior petitions. As such, the Court concludes that Claims Two, Three, Four, and Five constitute second or successive claims for the purposes of § 2244. Notably, Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of these claims. Accordingly, the Court will dismiss Claims Two, Three, Four, and Five for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing

summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. PENDING MOTIONS

Petitioner filed three motions during the pendency of this proceeding. Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) will be granted for limited purpose of filing the instant Petition. The Court will also grant Petitioner's Motion to Amend Ground Six of the Petition. (D.I. 6) However, having determined that it must dismiss the Petition, the Court will deny as moot Petitioner's Motion to Appoint Counsel. (D.I. 5)

## V. CONCLUSION

For the reason set forth above, the Court will summarily dismiss Petitioner's Application for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: March 24, 2014

_____
UNITED STATES DISTRICT JUDGE